UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON RAMSEY,

Plaintiff,

v. Case No. 26-cv-1491-bhl

MICHAEL VAGNINI,[1]

Defendant.

---

**SCREENING ORDER**

---

Plaintiff Aaron Ramsey, who is currently incarcerated at the Winnebago County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court to screen the complaint.

**SCREENING OF THE COMPLAINT**

Under 28 U.S.C. §1915A, the Court shall review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A. In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

**ALLEGATIONS OF THE COMPLAINT**

According to Ramsey, Defendant Milwaukee police officer Michael Vagnini "stuck his finger in [Ramsey's] buttocks . . . hoping to find drugs." Ramsey asserts this happened when he

[1] Incorrectly spelled Michale Vagnin in the complaint.

was a juvenile, in March or May of 2005. He asserts that he felt violated and has been afraid of law enforcement ever since.

## THE COURT'S ANALYSIS

Ramsey brought this lawsuit more than two decades after the alleged violation of his rights. Although "a plaintiff need not anticipate or rebut a statute-of-limitations defense in his complaint . . . dismissal is appropriate if . . . the allegations in the complaint make the statute of limitations an impenetrable bar to recovery." *Sellers v. Milwaukee Cnty.*, No. 22-3151, 2025 WL 958258, at *1 (7th Cir. March 31, 2025). Under federal law, a claim accrues when a party knows or should have known that the defendant violated his constitutional rights. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). The limitations period for §1983 actions arising in Wisconsin prior to 2018 was six years. *See* Wis. Stat. §893.54 (2018) (citing 2017 Wis. Act 235, which reduced the applicable statute of limitations from six years to three years). More than twenty years has passed since the alleged violation of Ramsey's rights. This lawsuit is therefore barred by the statute of limitations and must be dismissed.

**IT IS THEREFORE ORDERED** that Ramsey's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED as moot** because this action is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that, under 28 U.S.C. §1915(b)(1), Ramsey must pay the $350 statutory filing fee. Accordingly, the agency having custody of Ramsey shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Ramsey's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Ramsey is transferred to another institution, the transferring institution shall forward a copy of this Order along with Ramsey's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of September, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.